IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **KENNETH HICKS,** ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case Nos. 2:24-cv-02931-JTF-cgc |
| ) | 2:22-cv-02700-JTF-atc |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER TRANSFERRING SECOND OR SUCCESSIVE HABEAS PETITION TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT**

On August 15, 2022, Movant Kenneth Hicks was sentenced to 300 months in prison after pleading guilty to one count of conspiracy to deprive persons of rights, in violation of 18 U.S.C. §§ 2 and 241. *United States v. Hicks*, No. 2:18-cr-20406-JTF-7, ECF No. 415 (W.D. Tenn.). On September 8, 2022, the deadline for Hicks to file his notice of appeal, Hicks's appointed counsel filed a motion to withdraw and for a 30-day extension of the deadline. *Id.* at ECF No. 418. The Court granted the motion. *Id.* at ECF No. 419. On October 12, 2022, Hicks himself filed the notice of appeal for his criminal conviction. *Id.* at ECF No. 447. The Court of Appeals then appointed counsel to represent Hicks on October 26, 2022. *Id.* at ECF No. 457.[1]

On October 3, 2022, while he was unrepresented and before he filed his notice of appeal, Hicks filed his first *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. *Hicks v. United States*, No. 2:22-cv-02700-JTF-atc, ECF No. 1 (W.D. Tenn.) ("*Hicks I*"). The Court determined that Hicks's first § 2255 motion was "facially deficient" and ordered

---

[1] The Court of Appeals affirmed Hicks's conviction on January 26, 2024. *Id.* at ECF No. 530.

him to file an amended motion within 60 days. *Id.* at ECF No. 4. The Court also warned Hicks that failure to cure the deficiencies in his filing would result in dismissal with prejudice and that, if his case were dismissed, he would be unable to file another § 2255 motion. *See id.* (citing 28 U.S.C. § 2244(a)). On January 3, 2022, after Hicks failed to file anything for more than 60 days, the Court dismissed his first § 2255 motion with prejudice, denied a certificate of appealability, certified that an appeal would not be taken in good faith, denied leave to proceed *in forma pauperis* on appeal, and entered Judgment. *See id.* at ECF Nos. 5–6.

On July 12, 2024, Hicks filed a letter explaining that, when he was unrepresented and filed his first § 2255 motion, he "was unaware of the rules of appeal and the rules of the § 2255" and "submitted a hastily completed § 2255, filling it out incorrectly." *Id.* at ECF No. 7. He represents that his appellate counsel "directed [him] to write a letter to the judge to petition an allowance to resubmit [his] § 2255." *Id.* He now requests "permission to resubmit a § 2255 within a year of [his] appeal denial, which was 1/29/24, because [his] original § 2255 was done out of misunderstanding."[2] *Id.*

Before the Court could address this request, Hicks filed his second *pro se* Motion to Vacate, Set Aside, or Correct the Sentence of a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 on November 20, 2024. *See Hicks v. United States*, No. 2:24-cv-02931-JTF-cgc, ECF No. 1 (W.D. Tenn.) ("*Hicks II*"). The Court ordered the United States to respond. *Id.* at ECF No. 4. In its response, the United States does not raise the fact that this is Hicks's second § 2255 motion. *See id.* at ECF No. 9.

---

[2] To the extent that Hicks's letter may be interpreted as a motion pursuant to Federal Rule of Civil Procedure 60, it must be **DENIED** as untimely. Construed liberally, Hicks's letter raises Rule 60(b)(1), "mistake, inadvertence, surprise, or excusable neglect," as a basis for relief from judgment to amend his original § 2255 motion. Pursuant to Rule 60(c)(1), such a motion must be made "no more than a year after the entry of the judgement or order" from which the party seeks relief. Judgment was entered in *Hicks I* on January 3, 2022, and Hicks filed his letter on July 12, 2024. *See Hicks I*, ECF Nos. 5–7. Because more than one year passed between the entry of Judgment and the filing of Hicks's letter, his Rule 60 motion is untimely.

A defendant who seeks to file a second or successive habeas petition "shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* 28 U.S.C. §§ 2244(3)(A), 2255(h). In accordance with *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*), "when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document." *Moreland v. Robinson*, 813 F.3d 315, 325 (6th Cir. 2016).

Therefore, the Clerk is **ORDERED** to **TRANSFER** Hicks's letter requesting permission to file a second § 2255 motion (*Hicks I*, No. 2:22-cv-02700-JTF-atc, ECF No. 7) and Hicks's second § 2255 motion (*Hicks II*, No. 2:24-cv-02931-JTF-cgc, ECF No. 1) to the United States Court of Appeals for the Sixth Circuit.

**IT IS SO ORDERED**, this  *8th*  day of September, 2025.

/s/ ***John T. Fowlkes, Jr.***
JOHN T. FOWLKES, JR.
UNITED STATES DISTRICT JUDGE